IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTIA CRAWFORD and ANDREA CRAWFORD, : : : Plaintiffs, : v. : : TIMOTHY KOLMAN, ESQUIRE d/b/a : KOLMAN LLC, P.C.; : WAYNE ELY, ESQUIRE d/b/a : KOLMAN ELY, P.C.; : THE LAW OFFICES OF WAYNE ELY : f/d/a KOLMAN ELY LLC f/d/a : KOLMAN ELY, P.C.; : KOLMAN LLC, P.C. f/d/a KOLMAN ELY LLC : f/d/a KOLMAN ELY P.C.; : KOLMAN ELY LLC f/d/a KOLMAN ELY P.C.; : KOLMAN ELY P.C. : : Defendants. : | CIVIL ACTION NO. |

## NOTICE TO PLAINTIFF

**TO:**  Matthew B. Weisberg, Esquire       Gary Schafkopf, Esquire
David A. Berlin, Esquire                **Schafkopf Law, LLC**
**Weisberg Law**                           11 Bala Avenue
7 South Morton Avenue              Bala Cynwyd, PA 19004
Morton, PA 19070

**PLEASE TAKE NOTICE** that defendant, Wayne A. Ely, Esquire, has filed a Petition in the Eastern District of Pennsylvania for the removal of an action now pending in the Court of Common Pleas of Philadelphia County, entitled, <u>Crawford v. Kolman, et al.</u>, No. 2203-02761.

**FURTHER TAKE NOTICE** that petitioner, Wayne A. Ely, Esquire has at the same time filed with the United States District Court for the Eastern District of Pennsylvania, a copy of the Summons served upon him, which was filed and entered in the Court of Common Pleas of Philadelphia County.

A copy of said Petition for Removal is attached to this Notice and is hereby served upon you.

**KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

BY: _____
**PAUL C. TROY, ESQUIRE**
Attorney for Defendant Wayne A. Ely, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTIA CRAWFORD and <br> ANDREA CRAWFORD, <br>               Plaintiffs, <br> v. <br><br> TIMOTHY KOLMAN, ESQUIRE d/b/a <br> KOLMAN LLC, P.C.; <br> WAYNE ELY, ESQUIRE d/b/a <br> KOLMAN ELY, P.C.; <br> THE LAW OFFICES OF WAYNE ELY <br> f/d/a KOLMAN ELY LLC f/d/a <br> KOLMAN ELY, P.C.; <br> KOLMAN LLC, P.C. f/d/a KOLMAN ELY LLC <br> f/d/a KOLMAN ELY P.C.; <br> KOLMAN ELY LLC f/d/a KOLMAN ELY P.C.; <br> KOLMAN ELY P.C. <br><br>               Defendants. | CIVIL ACTION NO. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, Wayne A. Ely, Esquire ("Attorney Ely"), expressly reserving all rights otherwise to respond to this lawsuit, hereby removes the above-captioned case, which was filed in the Philadelphia County Court of Common Pleas, Case No. 220302761 (the "State Court Action"), to the United States District Court for the Eastern District of Pennsylvania. This case is removable because there is complete diversity of citizenship between the parties and more than $75,000 is in controversy, excluding interest and costs. As grounds for removal, Attorney Ely avers as follows:

**A.    Facts and Parties**

1. Plaintiffs commenced the State Court Action by filing a Praecipe for Writ of Summons on March 28, 2021, in the Court of Common Pleas for Philadelphia County. *See* Exhibit "A," Praecipe for Writ of Summons; *see also* Exhibit "B," Civil Cover Sheet.

2. On June 7, 2022, Attorney Ely and his firm were served with copies of the Writ of Summons. *See* Exhibits "C" & "D," Original Process.

3. To date, Plaintiffs have not filed a Complaint in the State Court Action.

4. Plaintiffs' Civil Cover Sheet states that this lawsuit is a legal professional liability matter. *See* Ex. B.

5. The Civil Cover Sheet also states that there is more than $50,000 in controversy in the State Court Action.

6. Generally, the State Court Action arises out of a civil rights lawsuit, brought on behalf of the Estate of Monty Crawford, a prisoner who died while in custody in Allegheny County Jail. *See Crawford v. Corizon Health, Inc., et al.*, W.D. Pa. Civ. Action No. 17-113 (the "Underlying Case").

7. Andrea Crawford, as administratrix of the Estate of Monty Crawford, brought claims under 42 U.S.C. § 1983 for alleged Eighth Amendment violations against, *inter alia*, corporations and persons who provided healthcare services to Monty Crawford and other inmates at Allegheny County Jail. *See* Exhibit "E," Federal Complaint.

8. Ms. Crawford alleged that the defendants were deliberately indifferent to Monty Crawford's psychiatric needs, which led to Mr. Crawford committing suicide while in custody on or about May 21, 2015. *Id.*

9. As required by 28 U.S.C. § 1446(a), Attorney Ely has attached to this Notice of Removal as Exhibits A through D "a copy of all process, pleadings, and orders served upon" him and his firm in the State Court Action.

10. A copy of the Docket in the State Court Action is attached hereto as Exhibit "F."

11. As set forth more fully below, this case is properly removed to the Court pursuant to 28 U.S.C. § 1441, because Attorney Ely has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

**B.     Diversity of Citizenship is Satisfied**

12. For diversity purposes, an individual is a citizen of the state in which he is domiciled. 28 U.S.C. § 1332.

13. A corporation is deemed a citizen of its state of incorporation and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

14. The citizenship of an unincorporated association is determined by the citizenship of its members. *See*, *e.g.*, *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 202 (3d Cir. 2022) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)).

15. Where a partnership or limited liability company has, as one of its members, another limited liability company or partnership, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the entity in question. *Zambelli Fireworks Mfg. Co.*, 592 F.3d at 420 (citing *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)).

16. Here, complete diversity exists between the parties.

### i. *Citizenship of Plaintiffs*

17. According to the Writ of Summons, Plaintiff, Montia Crawford, is a citizen of the State of Colorado. Ex. A, Writ of Summons.

18. According to the Writ of Summons, Plaintiff, Andrea Crawford, is a citizen of the State of Colorado. *Id.*

### ii. *Citizenship of Defendants*

19. Attorney Ely is a practicing attorney and citizen of the Commonwealth of Pennsylvania, who practices under the fictitious name "The Law Offices of Wayne Ely."

20. Co-Defendant Timothy M. Kolman, Esquire ("Attorney Kolman") is a practicing attorney and citizen of the Commonwealth of Pennsylvania.

21. Attorney Ely and Attorney Kolman were members of a now-defunct limited liability company, Kolman Ely, LLC, which was organized under the laws of the Commonwealth of Pennsylvania.

22. While it was in existence, Kolman Ely, LLC's sole members were citizens of the Commonwealth of Pennsylvania.

23. Accordingly, at all times, Kolman Ely, LLC was a citizen of the Commonwealth of Pennsylvania.

24. After Kolman Ely, LLC was dissolved, Attorney Ely and Attorney Kolman were members of Kolman Ely, P.C., a professional corporation organized under the laws of the Commonwealth of Pennsylvania, with its primary and principal place of business in Penndel, Bucks County, Pennsylvania.

25. Upon information and belief, the remaining defendants named in Plaintiffs' Writ of Summons are fictitious names or, alternatively, never existed.

26. Thus, there exists complete diversity between the parties.

## C. The Amount in Controversy Requirement is Satisfied

27. The amount in controversy requirement also is satisfied. 28 U.S.C. § 1332.

28. Under 28 U.S.C. § 1332(a), in a case where federal jurisdiction is based upon diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of costs and interest.

29. Where, such as here, the pleading does not specify the amount of damages sought, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owen*, 574 U.S. 81, 83 (2014).

30. As the instant case is a legal malpractice matter, the Court may review the claims brought in the Underlying Case in determining the amount in controversy. *See* Ex. E.

31. As discussed *supra*, the Underlying Case arose out of Mr. Crawford's death while in state custody. *Id.*

32. The Complaint in the Underlying Case named 28 defendants, as well as dozens of unknown defendants. *Id.*

33. In the Underlying Case, Plaintiffs sought compensatory damages, punitive damages and attorneys' fees from the defendants. *Id.*; *see Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (for purposes of determining if the amount in controversy exceeds the jurisdictional threshold, claims for punitive damages may be aggregated with claims for compensatory damages unless the former are "patently frivolous and without foundation.") (internal quotations omitted).

34. A review of the allegations in the Underlying Case demonstrates that there is more than $75,000 in controversy between Plaintiffs and Defendants in this legal malpractice matter.

35. Accordingly, the amount in controversy requirement is satisfied, rendering this matter properly removable pursuant to 28 U.S.C. §§ 1332 and 1441(b).

**D.     Procedural Requirements for Removal**

36. While all defendants are citizens of the Commonwealth of Pennsylvania, the Forum Defendant Rule is not implicated by the circumstances of this case.

37. As no complaint has been filed in this matter, no defendant has been "properly joined and served" for purposes of the Forum Defendant Rule. *See McLaughlin v. Bayer Essure, Inc.*, Civ. Action No. 14-7315, 2019 U.S. Dist. LEXIS 88213 *14-17, 2019 WL 2248690 (E.D. Pa. May 24, 2019) (holding that, when a writ of summons has been filed and served, but the plaintiff has not yet served a complaint, the presence of a forum defendant will not defeat removal).

38. The Third Circuit has held that the "plain meaning [of the Forum Defendant Rule] precludes removal on the basis of in-state citizenship *only* when the defendant has been properly joined and served." *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 152 (3d Cir. 2018) (emphasis supplied), *reh'g denied* (Sept. 17, 2018).

39. Therefore, a defendant may use "pre-service machinations to remove a case that it otherwise could not" by effectuating removal prior to being served. *Id.* at 154; *see also McLaughlin*, *supra* (permitting removal by a forum defendant that had been served with a writ of summons, but not a complaint).

40. Here, because Plaintiffs have not served a Complaint, no defendant has been "properly joined and served," in the State Court Action, such that removal is proper.

41. This action is properly removed from the State Court to this Court under 28 U.S.C. § 1441, because this Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this Notice of Removal meets the requirements of 28 U.S.C. § 1446.

42. This action is being removed to the United States District Court for the Eastern District of Pennsylvania, as the "district court for the district and division embracing the place where such action is pending," *i.e.* Philadelphia County, Pennsylvania. 28 U.S.C. § 1441(a).

43. Attorney Ely, as the removing defendant, will file this Notice of Removal with the Clerk of the Philadelphia County Court of Common Pleas, Pennsylvania, pursuant to 28 U.S.C. § 1446(d).

E.   **Pleadings in the State Court Action**

44. In accordance with 28 U.S.C. § 1446(a), attached to this Notice of Removal are a copy of all process, pleadings and orders served upon Attorney Ely in the State Court Action.

WHEREFORE, Defendant, Wayne A. Ely, Esquire hereby removes this case to the United States District Court for the Eastern District of Pennsylvania, respectfully requests that no further pleadings be held in the Philadelphia County Court of Common Pleas, and requests such other relief that this Court deems just and proper.

                           **KANE, PUGH, KNOELL, TROY & KRAMER, LLP**

Date: 6/15/2022        BY:   /s/ Paul C. Troy
                                        PAUL C. TROY, ESQUIRE
                                        THOMAS J. ZIMMERMAN, ESQUIRE
                                        Attorney I.D. Nos. 60875 / 316288
                                        510 Swede Street
                                        Norristown, PA   19401-4886
                                        (T)   610-275-2000
                                        (F)   610-275-2018
                                        ptroy@kanepugh.com
                                        tzimmerman@kanepugh.com
                                        *Counsel for Defendant,*
                                        *Wayne A. Ely, Esquire*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Montia Crawford and Andrea Crawford

**(b)** County of Residence of First Listed Plaintiff **Adams County, CO**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gary Schafkopf, Esquire, Schafkopf Law, LLC, 11 Bala Avenue, Bala Cynwyd, PA 19004; 610-664-5200

## DEFENDANTS
Timothy Kolman, Esquire; Wayne Ely, Esquire; The Law Offices of Wayne Ely, Kolman LLC, PC, Kolman Ely, LLC

County of Residence of First Listed Defendant **Bucks County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Paul C. Troy, Esquire, Kane Pugh Knoell Troy & Kramer, LLP, 510 Swede Street, Norristown, PA 19401; 610-275-2000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| [x] 190 Other Contract | | 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sections 1332, 1441 & 1446

Brief description of cause:
Legal malpractice case, involving underlying claims brought under 42 U.S.C. Section 1983

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 6/15/2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Paul C. Troy, Esquire

**FOR OFFICE USE ONLY**
RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

JS 44 Reverse (Rev. 10/20)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1588 Lima Street, Apt. L-304, Aurora, Co 80010_____

Address of Defendant: __225 Lincoln Highway, Building A, Suite 150, Fairless Hills, PA 19030__

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐   No ☐

I certify that, to my knowledge, the within case  ☐ is / ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____/s/ Paul C. Troy_____   _____
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____/s/ Paul C. Troy_____   _____
                                   *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| Montia Crawford and Andrea Crawford | : | CIVIL ACTION |
| v. | : | |
| Timothy Kolman, Esquire d/b/a Kolman LLC, P.C., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 6/15/2022 | /s/ Paul C. Troy | Defendant Wayne A. Ely, Esquire |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-275-2000 | 610-275-2018 | ptroy@kanepugh.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**